THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-0202-JCC |
| Plaintiff, | ORDER |
| v. | |
| RAFAEL MARIN-MACIAS, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 395). Having thoroughly considered the request, the Government's response, and the balance of the record, the Court hereby DENIES the motion for the reasons explained herein.

In 2016, Defendant pleaded guilty to conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. Nos. 131, 133, 172.) The Court imposed 84 months of imprisonment followed by three years of supervised release. (Dkt. Nos. 222, 223.) In June 2020, Defendant was released from prison and began serving his term of supervised release. (Dkt. No. 395-1 at 2.) Defendant argues the Court should terminate supervision early based on his "exceptional[]" performance, namely, maintaining full-time employment, completion of the RDAP program while in prison, and U.S. Probation and Pretrial Services' report that Defendant "'is respectful, engaged, and appears invested in pro-social and law-abiding lifestyle choices.'"

(*Id.* at 3 (quoting Dkt. No. 393 at 1).) Defendant also notes Probation does not oppose the request. (*See* Dkt. No. 395-1 at 2.) The Government opposes, citing Defendant's conduct in this case, as well as in past narcotics convictions. (Dkt. No. 396 at 3–5.)

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §§ 3564(c), 3583(e). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, Defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. *See* 18 U.S.C. § 3583(e) (citing to factors in 18 U.S.C. §3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

After consideration of the factors required by 18 U.S.C. section 3583(e), the Court finds that early termination is not warranted. Defendant's compliance with the conditions of supervision, including regular employment, are expected milestones that do not render continued supervision no longer appropriate. *See, e.g.*, *United States v. Grossi*, 2011 WL 704364, slip op. at 2 (N.D. Cal. 2011) (finding that "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination"). Although the Court commends Defendant for his compliant behavior while on supervised release, it cannot find that this behavior warrants early termination of further supervision. Defendant's remaining term of supervision will continue to provide a legitimate disincentive to resume any criminal behavior

1  and remains suitably tailored to the offense conduct.

2      For the foregoing reasons, the Court DENIES Defendant's motion for early termination
3  (Dkt. No. 395).

4      DATED this 13th day of August 2021.

                                        John C. Coughenour
                                        UNITED STATES DISTRICT JUDGE